**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4683**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELTON WAYNE WALSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cr-00245-FL-1)

Submitted:  July 26, 2018                                    Decided:  August 8, 2018

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Elton Wayne Walston of distribution of heroin resulting in serious bodily injury or death, in violation of 21 U.S.C. § 841(a) (2012); five counts of distribution and possession with intent to distribute heroin, in violation of § 841(a); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Walston to a total of 324 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Walston challenges the district court's restriction of his cross-examination of the chief witness against him at trial. Walston argues that the court abused its discretion in refusing to allow Walston to inquire into the statutory mandatory minimum and maximum penalties the witness faced prior to her cooperation with the Government and plea agreement, and that this restriction violated his Sixth Amendment right to confront his accuser. "[A] defendant's right to cross-examine cooperating witnesses about sources of potential bias is guaranteed by the Confrontation Clause of the Constitution." *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997). "We review for abuse of discretion a trial court's limitations on a defendant's cross-examination of a prosecution witness." *United States v. Ramos-Cruz*, 667 F.3d. 487, 500 (4th Cir. 2012) (internal quotation marks omitted). A district court abuses its discretion by basing its decision on clearly erroneous findings of fact or by misapprehending the law. *United States v. Zayyad*, 741 F.3d 452, 458 (4th Cir. 2014). A district court has wide latitude in imposing limits on the cross-examination of a witness, and may impose such limits to

avoid harassment, prejudice, confusion of the issues, repetition, or marginal relevance. *Id.* at 459.

We conclude that the district court did not abuse its discretion in limiting Walston's cross-examination of the witness and did not violate his right under the Confrontation Clause. Here, as the initial charges the witness faced were the same as one of the charges for which Walston had been indicted, allowing Walston to inquire into the exact range of statutory penalties that the witness faced would have signaled to the jury the penalties Walston would face upon conviction. While "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination," *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974), allowing the jury to learn of the sentence a defendant faces could potentially nullify the verdict. *Cropp*, 127 F.3d at 358-59. The court here properly weighed the slight probative value of quantitative information about the penalties the witness faced against the certain prejudice that would result if the jury learned that a guilty verdict would result in a mandatory minimum sentence for Walston. *Id.* Moreover, the court properly allowed Walston to investigate the witness' motivation during cross-examination without bringing out the exact penalties, and the jury was therefore "already well aware that [the witness was] facing severe penalties if [she] did not provide the [G]overnment with incriminating information." *Id.*

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*